**RECEIVED**

FEB 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James O'Connor ) | |
| ) | CASE NO. 06-01891 (HHK) |
| vs, ) | |
| ) | RESPONSE TO MOTION TO DISMISS |
| UNITED STATES ) | |
| ) | |
| ) | |
| ) | |

Defendant, by and with the assistance of counsel, is trying to use IRC § 7433 as though it repeals § 7431. Both demonstrate knowledge, p. 5, that such is not the case:

> "Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433. *Cf. Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation.")."

Additionally, defendant and counsel appear to be attempting to treat Plaintiff's 7431 as though it is a collection action. Defendant and counsel know very well that 7431 and 7433 are stand alone sections of the code and that they operate independently of each other. 7431 deals with unlawful disclosure. 7433 deals with disregarding any section of the code and/or its regulations.

The purpose of the Federal Tax Lien Act of 1966, 26 U.S.C. §§ 6321, 6323, was to fit tax liens into the priority scheme of the Uniform Commercial Code. *Pine Builders, Inc. v United States* (1976, ED Va) 413 F Supp 77, 76-1 USTC 9402, 19 UCCRS 306, 37 AFTR 2d 76-1361. Defendant and counsel admit, p. 12, that the purpose of the

disclosure was <u>other than collection</u>:

> "Had the information not have been disclosed, creditors of the Plaintiff would have no way to discover the existence of the liens. "Indeed, the purpose of recording the lien...is to place the public on notice of the lien." William E. Schrambling Accountancy Corp. v. United States, 397 F.2d 1485, 1489 (9th Cir. 1991)."

It is well settled in the courts that §§ 7431 and 7433 do not address the legitimacy of the collection process, and that whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy. The plain language of the internal Revenue Code supports the contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful. The propriety of the underlying collection action is irrelevant to whether disclosure is authorized under section 6103. Section 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103.

While defendant and counsel attempt to use excerpts from *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485, 1490 (9th Cir. 1991), as support, the Court should note that these excerpts, if taken as presented, purport to authorize disclosing confidential information in the public domain, so that the disclosure of the confidential information in the public domain may then be excused because the confidential information is, post disclosure, in the public domain; the absurdity of this circuitous reasoning should result in the Court finding the out-of-Circuit excerpts unpersuasive.

As stated above and as a threshold matter the validity of the underlying lien and

levy is wholly irrelevant to the disclosure issue. This makes defendant's argument frivolous, without merit and without any basis whatsoever in law or in fact.

**WHEREFORE**, plaintiff requests that judgement be entered in his favor against the United States for actual and punitive damages, the costs of this action, expungement of the aforementioned notices and such other and further relief to which plaintiff is) entitled.

Dated  Feb. 7            , 2007

*James O'Connor*
James O'Connor

copies mailed this  7th  day of February, 2007, to:

NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing RESPONSE TO MOTION TO DISMISS was caused to be served upon attorney for the defendant on the 7th day of February, 2007, by depositing a copy in the United States mail, postage prepaid, addressed as follows:

Nicole Stoduto
Trial Attorney, Tax Division
U.S. Dept. of Justice
PO Box 227
Ben Franklin Station
Washington, D.C. 20044

_____
James O'Connor