IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES O'CONNOR           )<br>                              )<br>        Plaintiff,         )<br>                              )<br>v.                          )   No. 1:06-cv-01891 HHK<br>                              )<br>UNITED STATES             )<br>                              )<br>        Defendant.         )  | |

### **R E P L Y**

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages allegedly caused by the Internal Revenue Service (the "Service") disclosing confidential return information.

### STATEMENT

On January 3, 2007, the United States filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. On January 5, 2007, the Court granted Plaintiff until February 8, 2007 to file a response to the United States' motion. On February 12, 2007, Plaintiff filed a response to the United States' motion to dismiss.

In his response, Plaintiff alleges that the United States is attempting to treat Plaintiff's complaint, "as though it is a collection action" and that the United States is using 26 U.S.C. § 7433 as though it repeals 26 U.S.C. § 7431. Plaintiff also contends that

the United States is inappropriately citing William E. Schrambling Accountancy Corp. v. United States, 937 F.2d 1485 (9th Cir. 1991). Additionally, Plaintiff states that neither section 7431 or section 7433 address the legitimacy or validity of the underlying collection activity.

## ARGUMENT

Section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions. Disclosures of return information allegedly made in the course of collection actions, e.g., the filing of notices of federal tax lien, are subsumed within this exclusive remedy. In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case. Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000). This Court recently concurred in the holding in Shwarz and dismissed a complaint nearly identical to that of Plaintiff. Koerner, et al. v. United States, __ F. Supp. 2d __, 2007 WL 159716, at *3 (D.D.C. 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431."). Contrary to Plaintiff's contention, the United States is not arguing that section 7433 repealed section 7431, rather it is arguing that section 7433 is Plaintiff's exclusive remedy for an alleged violation of section 6103 during the tax collection process.

The United States disagrees with Plaintiff's contention that it is inappropriately citing <u>William E. Schrambling Accountancy Corp. v. United States</u>, 937 F.2d 1485 (9th Cir. 1991).  Section 7431 and section 7433 provide civil damages when there is a negligent or willful violation of section 6103.  Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed.  In <u>Schrambling</u> one of the issues before the court was whether information included in notices of federal tax lien was confidential within the meaning of 26 U.S.C. § 6103 or if upon filing the federal tax lien with the county recorder, the information it contained was no longer confidential and could be disclosed again without regard to section 6103. <u>Id.</u> at 1486, 1489.

The issue in the instant matter is obviously not identical to those faced by the Ninth Circuit in <u>Schrambling</u>.  However, the Ninth Circuit held that the recording of a federal tax lien in the county recorder's office places information in the federal tax liens in the public domain and stated that the disclosure of information by recording the federal tax lien was provided for statutorily.  <u>Id.</u> at 1488, 1490.

The United States agrees with Plaintiff that neither section 7433 or section 7431 address the underlying assessments and the validity of the lien.  "[W]hether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy."  <u>Elias v. United States</u>, 1990 WL 264722, at *5; <u>accord</u>, <u>Mann v. United States</u>, 204 F.3d at 1020 ("We … agree with *** the majority of courts which have

considered the issue that there is nothing in § 6103 which requires that the underlying means of disclosure be valid before the safe harbor of § 6103(k)(6) applies."); <u>Wilkerson v. United States</u>, 67 F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code supports the *** contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful."); <u>Venen v. United States</u>, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action…is irrelevant to whether disclosure is authorized under section 6103."); <u>Bleavins v. United States</u>, 807 F. Supp. 487, 489 ("[Section] 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103."), <u>aff'd</u>, 998 F.2d 1016 (7th Cir. 1993) (table); <u>Tomlinson v. United States</u>, 1991 WL 338328, *3 (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of the underlying lien is irrelevant), <u>aff'd</u>, 977 F.2d 591 (9th Cir. 1992); <u>Flippo v. United States</u>, 670 F. Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."), <u>aff'd</u>, 849 F.2d 604 (4th Cir. 1988); <u>cf.</u>, 26 C.F.R. § 301.6103-1T(c)(2)[Example] ("The ultimate validity of the underlying levy is irrelevant to the issue of whether the disclosure was authorized by section 6103(k)(6)".).

//
//
//

CONCLUSION

For the above stated reasons, the United States' motion to dismiss should be granted.

DATE: February 16, 2007

                                            Respectfully submitted,

                                             /s/ Nicole M. Stoduto  
                                            NICOLE M. STODUTO  
                                            Trial Attorney, Tax Division  
                                            U.S. Department of Justice  
                                            Post Office Box 227  
                                            Washington, D.C. 20044  
                                            Telephone: (202) 616-9785  
                                            Facsimile: (202) 514-6966  
                                            Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:  
JEFFREY A. TAYLOR  
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES O'CONNOR ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-cv-01891 HHK |
| ) | |
| UNITED STATES ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY was caused to be served upon Plaintiff *pro se* on the 16th day of February, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

    James O'Connor
    Plaintiff *pro se*
    7206 Duffield Drive
    Dallas, Texas 75248


                                              /s/ Nicole M. Stoduto
                                             NICOLE M. STODUTO